UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

BRUCE PHILLIP WALSH          :
                             :
          v.                 :          C.A. No. 15-495S
                             :
CAROLYN COLVIN, Acting       :
Commissioner of the Social Security   :
Administration               :

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

This matter is before the Court for judicial review of a final decision of the Commissioner

of the Social Security Administration ("Commissioner") denying Disability Insurance Benefits

("DIB") and Social Security Insurance ("SSI") under the Social Security Act (the "Act"), 42 U.S.C.

§ 405(g). Plaintiff filed his Complaint on November 24, 2016 seeking to reverse the decision of the

Commissioner.   On May 17, 2016, Plaintiff filed a Motion to Reverse the Decision of the

Commissioner. (Document No. 15).  On July 21, 2016, the Commissioner filed a Motion for an

Order Affirming the Decision of the  Commissioner. (Document No. 19).  Plaintiff filed a Reply

Brief on July 26, 2016.  (Document No. 21).

This matter has been referred to me for preliminary review, findings and recommended

disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72.  Based upon my review of the record, the parties'

submissions and independent research, I find that there is substantial evidence in this record to

support the Commissioner's decision and findings that Plaintiff is not disabled within the meaning

of the Act.  Consequently, I recommend that Plaintiff's Motion (Document No. 15) be DENIED and

that the Commissioner's Motion (Document No. 19) be GRANTED.

## I.      PROCEDURAL HISTORY

Plaintiff filed applications for DIB on October 6, 2011 (Tr. 212-219); July 8, 2013 (Tr. 220-224) and August 2, 2013 (Tr. 225-233) and for SSI on July 8, 2013 (Tr. 235-242) alleging disability since December 1, 2007.[1]   The applications were denied initially and on reconsideration.  Plaintiff's date last insured is December 31, 2016.  Plaintiff requested an Administrative Hearing.  On April 1, 2015, a hearing was held before Administrative Law Judge Martha Bower (the "ALJ") at which time Plaintiff, represented by counsel, a vocational expert ("VE") and a medical expert ("ME") appeared and testified.  (Tr. 47-81).  The ALJ issued an unfavorable decision to Plaintiff on April 24, 2015.  (Tr. 17-43).  The Appeals Council denied Plaintiff's request for review on September 24, 2015.  (Tr. 1-6).  Therefore the ALJ's decision became final.  A timely appeal was then filed with this Court.

## II.     THE PARTIES' POSITIONS

Plaintiff argues that the ALJ failed to properly weigh the medical opinion evidence, failed to properly evaluate his credibility, relied upon flawed vocational expert testimony and that the Appeals Council failed to consider new and material medical evidence.

The Commissioner disputes Plaintiff's claims and contends that the ALJ's RFC assessment and non-disability finding are supported by substantial evidence and must be affirmed.

## III.    THE STANDARD OF REVIEW

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g).  Substantial evidence is more than a scintilla – i.e., the evidence must do more

---

[1]  On July 9, 2014, Plaintiff amended his disability onset date from December 1, 2007 to February 26, 2013. (Tr. 270).

than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (per curiam); Rodriguez v. Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981).

Where the Commissioner's decision is supported by substantial evidence, the court must affirm, even if the court would have reached a contrary result as finder of fact.  Rodriguez Pagan v. Sec'y of Health and Human Servs., 819 F.2d 1, 3 (1st Cir. 1987); Barnes v. Sullivan, 932 F.2d 1356, 1358 (11th Cir. 1991).  The court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision.  Frustaglia v. Sec'y of Health and Human Servs., 829 F.2d 192, 195 (1st Cir. 1987); Parker v. Bowen, 793 F.2d 1177 (11th Cir. 1986) (court also must consider evidence detracting from evidence on which Commissioner relied).

The court must reverse the ALJ's decision on plenary review, however, if the ALJ applies incorrect law, or if the ALJ fails to provide the court with sufficient reasoning to determine that he or she properly applied the law.  Nguyen v. Chater, 172 F.3d  31, 35 (1st Cir. 1999) (per curiam); accord Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991).  Remand is unnecessary where all of the essential evidence was before the Appeals Council when it denied review, and the evidence establishes without any doubt that the claimant was disabled.  Seavey v. Barnhart, 276 F.3d 1, 11 (1st Cir. 2001) citing, Mowery v. Heckler, 771 F.2d 966, 973 (6th Cir. 1985).

The court may remand a case to the Commissioner for a rehearing under sentence four of 42 U.S.C. § 405(g); under sentence six of 42 U.S.C. § 405(g); or under both sentences.  Seavey, 276 F.3d at 8.  To remand under sentence four, the court must either find that the Commissioner's decision is not supported by substantial evidence, or that the Commissioner incorrectly applied the

law relevant to the disability claim.  Id.; accord Brenem v. Harris, 621 F.2d 688, 690 (5ᵗʰ Cir. 1980)

(remand appropriate where record was insufficient to affirm, but also was insufficient for district

court to find claimant disabled).

Where the court cannot discern the basis for the Commissioner's decision, a sentence-four

remand may be appropriate to allow her to explain the basis for her decision.  Freeman v. Barnhart,

274 F.3d 606, 609-610 (1ˢᵗ Cir. 2001).  On remand under sentence four, the ALJ should review the

case on a complete record, including any new material evidence.  Diorio v. Heckler, 721 F.2d 726,

729 (11ᵗʰ Cir. 1983) (necessary for ALJ on remand to consider psychiatric report tendered to Appeals

Council).  After a sentence four remand, the court enters a final and appealable judgment

immediately, and thus loses jurisdiction.  Freeman, 274 F.3d at 610.

In contrast, sentence six of 42 U.S.C. § 405(g) provides:

> The court...may at any time order additional evidence to be taken
> before the Commissioner of Social Security, but only upon a showing
> that there is new evidence which is material and that there is good
> cause for the failure to incorporate such evidence into the record in
> a prior proceeding;

42 U.S.C. § 405(g).  To remand under sentence six, the claimant must establish: (1) that there is

new, non-cumulative evidence; (2) that the evidence is material, relevant and probative so that there

is a reasonable possibility that it would change the administrative result; and (3) there is good cause

for failure to submit the evidence at the administrative level.  See Jackson v. Chater, 99 F.3d 1086,

1090-1092 (11ᵗʰ Cir. 1996).

A sentence six remand may be warranted, even in the absence of an error by the

Commissioner, if new, material evidence becomes available to the claimant.  Id.  With a sentence

six remand, the parties must return to the court after remand to file modified findings of fact.  Id.

The court retains jurisdiction pending remand, and does not enter a final judgment until after the completion of remand proceedings.  Id.

## IV.    THE LAW

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505.  The impairment must be severe, making the claimant unable to do her previous work, or any other substantial gainful activity which exists in the national economy.  42 U.S.C. § 423(d)(2); 20 C.F.R. §§ 404.1505-404.1511.

### A.    Treating Physicians

Substantial weight should be given to the opinion, diagnosis and medical evidence of a treating physician unless there is good cause to do otherwise.  See Rohrberg v. Apfel, 26 F. Supp. 2d 303, 311 (D. Mass. 1998); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's impairments, is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(d)(2).  The ALJ may discount a treating physician's opinion or report regarding an inability to work if it is unsupported by objective medical evidence or is wholly conclusory.  See Keating v. Sec'y of Health and Human Servs., 848 F.2d 271, 275-276 (1st Cir. 1988).

Where a treating physician has merely made conclusory statements, the ALJ may afford them such weight as is supported by clinical or laboratory findings and other consistent evidence of a claimant's impairments.  See Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986).  When a

treating physician's opinion does not warrant controlling weight, the ALJ must nevertheless weigh the medical opinion based on the (1) length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship; (3) the medical evidence supporting the opinion; (4) consistency with the record as a whole; (5) specialization in the medical conditions at issue; and (6) other factors which tend to support or contradict the opinion.  20 C.F.R § 404.1527(c).  However, a treating physician's opinion is generally entitled to more weight than a consulting physician's opinion.  See 20 C.F.R. § 404.1527(c)(2).

The ALJ is required to review all of the medical findings and other evidence that support a medical source's statement that a claimant is disabled.  However, the ALJ is responsible for making the ultimate determination about whether a claimant meets the statutory definition of disability.  20 C.F.R. § 404.1527(e).  The ALJ is not required to give any special significance to the status of a physician as treating or non-treating in weighing an opinion on whether the claimant meets a listed impairment, a claimant's residual functional capacity (see 20 C.F.R. §§ 404.1545 and 404.1546), or the application of vocational factors because that ultimate determination is the province of the Commissioner.  20 C.F.R. § 404.1527(e).  See also Dudley v. Sec'y of Health and Human Servs., 816 F.2d 792, 794 (1st Cir. 1987).

### B.    Developing the Record

The ALJ has a duty to fully and fairly develop the record.   Heggarty v. Sullivan, 947 F.2d 990, 997 (1st Cir. 1991).  The Commissioner also has a duty to notify a claimant of the statutory right to retained counsel at the social security hearing, and to solicit a knowing and voluntary waiver of that right if counsel is not retained.  See 42 U.S.C. § 406; Evangelista v. Sec'y of Health and Human Servs., 826 F.2d 136, 142 (1st Cir. 1987).  The obligation to fully and fairly develop the record exists

if a claimant has waived the right to retained counsel, and even if the claimant is represented by counsel. Id. However, where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. See Heggarty, 947 F.2d at 997, citing Currier v. Sec'y of Health Educ. and Welfare, 612 F.2d 594, 598 (1st Cir. 1980).

### C.    Medical Tests and Examinations

The ALJ is required to order additional medical tests and exams only when a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled. 20 C.F.R. § 416.917; see also Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). In fulfilling his duty to conduct a full and fair inquiry, the ALJ is not required to order a consultative examination unless the record establishes that such an examination is necessary to enable the ALJ to render an informed decision. Carrillo Marin v. Sec'y of Health and Human Servs., 758 F.2d 14, 17 (1st Cir. 1985).

### D.    The Five-step Evaluation

The ALJ must follow five steps in evaluating a claim of disability. See 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth,

if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f).  Significantly, the claimant bears the burden of proof at steps one through four, but the Commissioner bears the burden at step five.  Wells v. Barnhart, 267 F. Supp. 2d 138, 144 (D. Mass. 2003) (five-step process applies to both SSDI and SSI claims).

In determining whether a claimant's physical and mental impairments are sufficiently severe, the ALJ must consider the combined effect of all of the claimant's impairments, and must consider any medically severe combination of impairments throughout the disability determination process. 42 U.S.C. § 423(d)(2)(B).  Accordingly, the ALJ must make specific and well-articulated findings as to the effect of a combination of impairments when determining whether an individual is disabled. Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).

The claimant bears the ultimate burden of proving the existence of a disability as defined by the Social Security Act.  Seavey, 276 F.3d at 5.  The claimant must prove disability on or before the last day of her insured status for the purposes of disability benefits.  Deblois v. Sec'y of Health and Human Servs., 686 F.2d 76 (1st Cir. 1982), 42 U.S.C. §§ 416(i)(3), 423(a), (c).  If a claimant becomes disabled after she has lost insured status, her claim for disability benefits must be denied despite her disability.  Id.

### E.      Other Work

Once the ALJ finds that a claimant cannot return to her prior work, the burden of proof shifts to the Commissioner to establish that the claimant could perform other work that exists in the national economy.  Seavey, 276 F.3d at 5.  In determining whether the Commissioner has met this burden, the ALJ must develop a full record regarding the vocational opportunities available to a

-8-

claimant.  Allen v. Sullivan, 880 F.2d 1200, 1201 (11th Cir. 1989).  This burden may sometimes be met through exclusive reliance on the Medical-Vocational Guidelines (the "grids").  Seavey, 276 F.3d at 5.  Exclusive reliance on the "grids" is appropriate where the claimant suffers primarily from an exertional impairment, without significant non-exertional factors.  Id.; see also Heckler v. Campbell, 461 U.S. 458, 103 S. Ct. 1952, 76 L.Ed.2d 66 (1983) (exclusive reliance on the grids is appropriate in cases involving only exertional impairments, impairments which place limits on an individual's ability to meet job strength requirements).

Exclusive reliance is not appropriate when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a non-exertional impairment that significantly limits basic work skills.  Nguyen, 172 F.3d at 36.  In almost all of such cases, the Commissioner's burden can be met only through the use of a vocational expert.  Heggarty, 947 F.2d at 996.  It is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy.  See Ferguson v. Schweiker, 641 F.2d 243, 248 (5th Cir. 1981).  In any event, the ALJ must make a specific finding as to whether the non-exertional limitations are severe enough to preclude a wide range of employment at the given work capacity level indicated by the exertional limitations.

### 1.     Pain

"Pain can constitute a significant non-exertional impairment."  Nguyen, 172 F.3d at 36.  Congress has determined that a claimant will not be considered disabled unless he furnishes medical and other evidence (e.g., medical signs and laboratory findings) showing the existence of a medical impairment which could reasonably be expected to produce the pain or symptoms alleged.  42

U.S.C. § 423(d)(5)(A).  The ALJ must consider all of a claimant's statements about his symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence.  20 C.F.R. § 404.1528.  In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the pain alleged, the ALJ must apply the First Circuit's six-part pain analysis and consider the following factors:

> (1)    The nature, location, onset, duration, frequency, radiation, and intensity of any pain;
>
> (2)    Precipitating and aggravating factors (e.g., movement, activity, environmental conditions);
>
> (3)    Type, dosage, effectiveness, and adverse side-effects of any pain medication;
>
> (4)    Treatment, other than medication, for relief of pain;
>
> (5)    Functional restrictions; and
>
> (6)    The claimant's daily activities.

Avery v. Sec'y of Health and Human Servs., 797 F.2d 19, 29 (1st Cir. 1986).  An individual's statement as to pain is not, by itself, conclusive of disability.  42 U.S.C. § 423(d)(5)(A).

### 2.    Credibility

Where an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding.  Rohrberg, 26 F. Supp. 2d at 309.  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  See Frustaglia, 829 F.2d at 195.  The failure to articulate the reasons for discrediting subjective pain testimony requires

that the testimony be accepted as true.  See DaRosa v. Sec'y of Health and Human Servs., 803 F.2d 24 (1st Cir. 1986).

A lack of a sufficiently explicit credibility finding becomes a ground for remand when credibility is critical to the outcome of the case.  See Smallwood v. Schweiker, 681 F.2d 1349, 1352 (11th Cir. 1982).  If proof of disability is based on subjective evidence and a credibility determination is, therefore, critical to the decision, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding."  Foote v. Chater, 67 F.3d 1553, 1562 (11th Cir. 1995) (quoting Tieniber v. Heckler, 720 F.2d 1251, 1255 (11th Cir. 1983)).

## V.    APPLICATION AND ANALYSIS

### A.    The ALJ's Decision

The ALJ decided this case adverse to Plaintiff at Step 5.  At Step 2, the ALJ found that Plaintiff's left (non-dominant) rotator cuff tear and repair, lumbar spine strain, morbid obesity, asthma, ADHD and affective disorder were "severe" impairments within the meaning of 20 C.F.R. §§ 404.1520(c) and 416.920(c).  (Tr. 22).  However, at Step 3, the ALJ concluded that Plaintiff's impairments did not, singly or in combination, meet or medically equal any of the Listings.  (Tr. 23). As to RFC, the ALJ concluded that Plaintiff could perform a limited range of light work with several postural, environmental and nonexertional limitations.  (Tr. 25).  She also assessed a temporal walking and standing limitation.  Id.  Based on this RFC and testimony from the VE, the ALJ found that Plaintiff could not perform any of his past relevant work but could perform other available positions at the light and sedentary exertional levels.  (Tr. 31-33).  Thus, the ALJ rendered a non-disability finding at Step 5.  (Tr. 33).

### B.      The ALJ's RFC Assessment is Supported by Substantial Evidence

Plaintiff was forty-four years old at the time of the ALJ's decision denying benefits.  His left shoulder was injured at work in February 2013 and surgically repaired in April 2013.  (Tr. 27).  He was working at a refuse transfer station at the time and was subsequently able to return to part-time, light-duty work.  He had a second shoulder surgery in early 2014.  The ALJ noted an alleged disability onset of February 26, 2013.  (Tr. 50).[2]

In a Function Report dated October 20, 2013, Plaintiff reported that he was able to run errands, cook, care for multiple dogs, do some housework, drive, shop and socialize.  (Tr. 307-314).  He also indicated that his conditions did not prevent him from sitting, understanding, following instructions and getting along with others.  (Tr. 312).  At the April 1, 2015 hearing, Plaintiff testified that he was still able to care for his dogs, to run errands and do light cooking, was able to walk a mile daily through October, 2014 and could drive a motorcycle.  (Tr. 56-60).  He testified that he saw friends weekly and plays Dungeons and Dragons.  (Tr. 61).  He also testified that he previously had a business as a tattoo artist and presently does them on occasion for friends and family.  (Tr. 61-62).

The ALJ based her RFC assessment primarily on the medical opinions provided by Dr. Pella, the testifying medical expert (Tr. 68-73), Drs. Kay and Hess, the mental consultative examiners (Exhs. 22F and 29F), and Drs. Jaffe and Landerman, the reviewing doctors (Exhs. 1A and 2A).  Plaintiff faults the ALJ for favoring that evidence over the opinion of his treating psychologist, Dr. Diehl.  (Exh. 52F).

---

[2]  Plaintiff originally claimed a disability onset date of December 1, 2007 (Tr. 112, 227) which is directly contradicted by Plaintiff's work history.  (Exh. 4E).

The ALJ gave Dr. Diehl's opinion "little weight" because it is conclusory and against the weight of the record as a whole. (Tr. 30). She also noted that the records (Exh. 49F) reflected that Plaintiff had only two visits with Dr. Diehl. Id. Plaintiff does not dispute this in either his primary or reply briefs. In addition, Dr. Diehl neglected to provide any information about the length or frequency of his treating relationship with Plaintiff, even though it was asked in the "Mental Impairment Questionnaire" ("MIQ") dated March 20, 2015. (Tr. 971). The MIQ is a conclusory checklist form supplied by Plaintiff's counsel. Plaintiff concedes that the allegedly supporting treatment notes are "handwritten and almost entirely illegible." (Document No. 16 at p. 11, citing Tr. 890-902). In addition, when asked to identify Plaintiff's most frequent and/or severe symptoms, as noted on the checklists, Dr. Diehl simply stated that "all marked are relevant" and he did not answer a question asking him to list and discuss any clinical findings that support his assessment other than to circle the example of mental status exams. (Tr. 973).

Because a treating physician is typically able to provide a detailed longitudinal picture of a patient's impairments, an opinion from a treating source is generally entitled to considerable weight if it is well supported by clinical findings and not inconsistent with other substantial evidence of record. 20 C.F.R. § 404.1527(c); see also Castro v. Barnhart, 198 F. Supp. 2d 47, 54 (D. Mass. 2002) (The ALJ "may reject a treating physician's opinion as controlling if it is inconsistent with other substantial evidence in the record, even if that evidence consists of reports from non-treating doctors"). The amount of weight to which a treating source opinion is entitled depends in part on the length of the treating relationship and the frequency of the examination. 20 C.F.R. § 404.1527(c)(2)(i). In addition, the more an opinion is supported by evidence, the more weight it will be given. 20 C.F.R. § 404.1527(c)(3). If the treating physician's opinion is not given controlling

weight, the opinion must provide "good reasons" for the level of weight given.  20 C.F.R. §

404.1527(c)(2).

Here, the ALJ was faced with conflicting opinions as to the extent of Plaintiff's mental

impairments.  On December 24, 2013, Dr. Landerman reviewed the relevant records, including the

evaluations completed by Drs. Kay and Hess, and concluded that Plaintiff had no more than

moderate limitations arising out of his mental impairments and was not disabled.  (Exh. 1A).  Dr.

Landerman gave "primary weight" to the evaluation completed by Dr. Hess on December 12, 2013.

(Tr. 94).  Based upon her evaluation of Plaintiff, Dr. Hess found that:

> This individual is capable of interacting appropriately and communicating effectively with others; however, he is somewhat hypersensitive and is easily provoked to agitation with angry outbursts including yelling and screaming.  He attempts to control these and is more successful at some points than others.
>
> This individual is capable of understanding and remembering basic work instructions.  He may have difficulty focusing on taking in detailed instructions and may mix them up at times when he tries to recall them later.  He also is likely to be distracted.
>
> This individual is able to maintain attention and concentration for a variable amount of time depending on the degree of distraction that is present and he has a history of making some careless mistakes.  He also has variable persistence and has difficulty remaining in the same place for long periods of time.  His pace is likely to be average except for being slowed down by having to correct errors.
>
> This individual is capable of making simple decisions.  He is not capable of maintaining regular attendance on a schedule at this point primarily due to physical limitations.  He is able to interact appropriately with supervisors and others, but has been known to have angry outbursts, which would be inappropriate.

* * *

> This individual is motivated for treatment and able to engage in treatment....He might show considerable improvement...[and] would most likely need one to two years to reach optimal improvement.

(Tr. 732-733).

While reasonable minds may differ as to the interpretation of this medical evidence, the issue presented in this administrative appeal is not whether this Court would have reached the same conclusion as did the ALJ.   "The ALJ's resolution of evidentiary conflicts must be upheld if supported by substantial evidence, even if contrary results might have been tenable also."   Benetti v. Barnhart, 193 Fed. Appx. 6, 2006 WL 2555972 (1st Cir. Sept. 6, 2006) (per curiam) (citing Rodriguez-Pagan v. Sec'y of HHS, 819 F.2d 1 (1st Cir. 1987)).   Rather, the narrow issue presented is whether the ALJ's findings have adequate support on the record.   The ALJ's decision to afford substantial evidentiary weight to the opinions of Dr. Landerman and Dr. Hess was proper as the ALJ found their opinions to be consistent with the record as a whole, and her conclusions are supported by substantial evidence.   Id.   In addition, as previously discussed, the ALJ articulated "good reasons" for discounting the weight accorded to Dr. Diehl's opinions.[3]   Plaintiff has shown no error.

## C.      Plaintiff Has Not Presented a Reviewable Appeals Council Decision

Plaintiff also contends that the Appeals Council erred in refusing to remand based upon additional evidence submitted after the ALJ's decision.  (Tr. 1-8).  In particular, Plaintiff points to a one-page note from Dr. Diehl dated July 8, 2015.  (Tr. 8).  The ALJ heard this case on April 1,

---

[3]  Similarly, Plaintiff has shown no error in the ALJ's treatment of the opinions of Mr. Noyes, a treating therapist.  Mr. Noyes is not an "acceptable medical source" pursuant to the Social Security Regulations, and thus his opinions are not presumptively entitled to controlling weight.  The ALJ adequately considered Mr. Noyes' opinions and found them to be lacking "persuasive weight."  (Tr. 30).  The ALJ articulated good reasons for her conclusion, which are supported by the record.  Id.

2015.  Plaintiff asserts that the Appeals Council gave a "mistaken reason" for refusing to consider this new and material evidence.[4]  (Document No. 16 at p. 29).

Generally, the discretionary decision of the Appeals Council to deny a request for review of an ALJ's decision is not reviewable.  A judicial review under 42 U.S.C. § 405(g) is typically focused on the findings and reasoning of the ALJ, i.e., whether the ALJ's findings are supported by substantial evidence and whether the ALJ properly applied the law.  Of course, it makes no sense from an efficiency standpoint for a reviewing court to spend time and resources critiquing the work of the Appeals Council when it has jurisdiction to review the underlying and operative ALJ decision.  In other words, reversible error by an ALJ can be remedied by the Court regardless of what the Appeals Council did or did not do.

The First Circuit has, however, held that review of Appeals Council action may be appropriate in those cases "where new evidence is tendered after the ALJ decision."  Mills v. Apfel, 244 F.3d 1, 5 (1st Cir. 2001).  In such cases, "an Appeals Council refusal to review the ALJ may be reviewable where it gives an egregiously mistaken ground for this action."  Id.  This avenue of review has been described as "exceedingly narrow."  Harrison v. Barnhart, C.A. No. 06-30005-KPN, 2006 WL 3898287 (D. Mass. Dec. 22, 2006).  Further, the term "egregious" has been interpreted to mean "[e]xtremely or remarkably bad; flagrant."  Ortiz Rosado v. Barnhart, 340 F. Supp. 2d 63, 67 (D. Mass. 2004) (quoting Black's Law Dictionary (7th ed. 1999)).

---

[4]  Plaintiff has provided no persuasive authority for his argument that remand is required because the Appeals Council failed to adequately explain its reasoning.  Such a rule would result in automatic remands in most cases since the Appeals Council often does not, and is not required to, provide a detailed explanation of its decisions.  See Waters v. Astrue, 495 F. Supp. 2d 512, 514-515 (D. Md. 2007) (failure of Appeals Council to explain how it evaluated new evidence presented to it does not require remand).

Here, the Appeals Council issued a "boiler plate" denial of Plaintiff's Request for Review. (Tr. 1-4).  It noted that Dr. Diehl's July 8, 2015 report was considered, and it concluded that such evidence does not affect the decision about whether Plaintiff was disabled prior to the ALJ's April 24, 2015 Decision.  (Tr. 2).  The additional evidence is not substantively discussed by the Appeals Council other than to accurately note that the July 8, 2015 report purports to opine as to Plaintiff's condition "currently."  (Tr. 8).

In Mills, the First Circuit recognized that an Appeals Council denial of a request for review has all the "hallmarks" of an unreviewable, discretionary decision.  Mills, 244 F.3d at 5.  The Appeals Council is given a great deal of latitude under the regulations and "need not and often does not give reasons" for its decisions.  Id.  Thus, the First Circuit "assume[d] that the Appeals Council's refusal to review would be effectively unreviewable if no reason were given for the refusal."  Id. at p. 6.  It did, however, create a narrow exception for review when the Appeals Council "gives an egregiously mistaken ground for [its] action."  Id. at p. 5.  The First Circuit did not find this result to be a "serious anomaly" because "there is reason enough to correct an articulated mistake even though one cannot plumb the thousands of simple 'review denied' decisions that the Appeals Council must issue every year."  Id. at p. 6.

Since Plaintiff proffered the "new" evidence to the Appeals Council, it is undisputed that the Mills test, and not the more forgiving Evangelista test, applies.  See Ortiz Rosado, 340 F. Supp. 2d at 67 n.1.  Plaintiff has not established that the Appeals Council was "egregiously mistaken" in its decision to deny Plaintiff's request for review.  Dr. Diehl's report is dated July 8, 2015 and thus opines on Plaintiff's condition over three months after the ALJ heard this case.  It concludes that Plaintiff is unable to function in a work environment "currently" and asserts that he "is" at risk of

-17-

losing control.  (Tr. 8).  As the Appeals Council accurately noted, it does not directly address whether Plaintiff was disabled prior to the ALJ's decision.  "An implicit materiality requirement is that the new evidence relate to the time period for which benefits were denied, and that it not concern evidence of a later-acquired disability or of the subsequent deterioration of the previous non-disabling condition."  Beliveau ex rel.  Beliveau v. Apfel, 154 F. Supp. 2d 89, 95 (D. Mass. 2001) (quoting Szubak v. Sec'y of HHS, 745 F.2d 831, 833 (3rd Cir. 1984)).  The Court must review the ALJ's decision based on the record before her at the time.  Further, although the ALJ did not have the opportunity to consider such report, she did have all of the relevant records when she rendered her decision.  Plaintiff has shown no error.

### D.      Plaintiff Has Shown No Error in the ALJ's Reliance on the VE's Testimony

Plaintiff argues that remand is warranted because there is a "clear conflict" between the VE's opinion testimony and the Dictionary of Occupational Titles ("DOT").  At the hearing, the VE testified unequivocally that a person with Plaintiff's RFC could perform a significant number of light and sedentary jobs existing in the national economy.  (Tr. 73-81).  The ALJ properly relied upon that testimony in making her non-disability finding and noted in her decision, pursuant to SSR 00-4p, that she had determined that the VE's testimony was consistent with the information contained in the DOT.  (Tr. 33).  Although Plaintiff's attorney questioned the VE at the hearing, he did not ask the VE whether his testimony was consistent with the DOT or elicit any testimony that revealed a potential conflict.  (Tr. 78-80); see Senay v. Astrue, No. 06-548S, 2009 WL 229953 at *11 (D.R.I. Jan. 30, 2009) (citing Donahue v. Barnhart, 279 F.3d 441, 446-447 (7th Cir. 2002) (holding that the ALJ is only required to resolve "identified" or apparent conflicts between the VE's testimony and the DOT).

In addition to failing to show that any duty to inquire as to conflict was triggered, Plaintiff has failed to show the existence of any material conflict. Although Plaintiff accurately points out that the jobs identified by the VE require frequent handling, the point is irrelevant since the ALJ's RFC finding does not contain any limitations on handling. (Tr. 25). Also, Plaintiff's argument about a sit/stand option is similarly irrelevant because the ALJ did not include such an option in her RFC. Id. Finally, although Plaintiff accurately points out that the jobs identified by the VE require frequent reaching, the RFC properly does not contain any limitation on Plaintiff's ability to use his dominant, i.e., right, upper extremity for reaching. Id. The record only supports limitations as to Plaintiffs' left, non-dominant upper extremity which was the subject of an injury and rotator cuff repair.

## VI.     CONCLUSION

For the reasons discussed herein,[5] I recommend that Plaintiff's Motion to Reverse (Document No. 15) be DENIED and that Defendant's Motion to Affirm (Document No. 19) be GRANTED. Further, I recommend that Final Judgment enter in favor of Defendant.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-

---

[5]   Plaintiff's challenge to the ALJ's credibility determination merits little discussion. The ALJ merely determined that Plaintiff's allegations were not entirely credible to the extent they exceeded the ALJ's highly restrictive RFC finding. (Tr. 27). The ALJ properly assessed Plaintiff's credibility in the context of the record as a whole including treatment records and evidence as to activities of daily living. While Plaintiff clearly takes issue with the inferences drawn by the ALJ from this evidence, the evidence was adequate to support the ALJ's conclusions. Accordingly, such conclusions are entitled to deference. See Frustaglia v. Sec'y of HHS, 829 F.2d 192, 193 (1st Cir. 1987).

Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605

(1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 19, 2016