```
              UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
BRUCE PHILLIP WALSH,               )
                                   )
          Plaintiff,               )
                                   )
     v.                            )   C.A. No. 15-495 S
                                   )
CAROLYN W. COLVIN,                 )
ACTING COMMISSIONER OF THE         )
SOCIAL SECURITY ADMINISTRATION     )
                                   )
          Defendant.               )
_____)
```

### MEMORANDUM AND ORDER

WILLIAM E. SMITH, Chief Judge.

Magistrate Judge Lincoln D. Almond filed a Report and Recommendation ("R&R") on August 19, 2016 (ECF No. 22), recommending that the Court deny Plaintiff's Motion to Reverse the Decision of the Commissioner (ECF No. 15) and grant the Defendant's Motion for an Order Affirming the Decision of the Commissioner (ECF No. 19). After careful consideration of the R&R and Plaintiff's Objection (ECF No. 23), and pursuant to 28 U.S.C. § 636(b)(1), the Court ADOPTS the R&R.

I.   Procedural History

Bruce Walsh ("Plaintiff") filed applications for Social Security Disability benefits and Supplemental Security Income benefits. Those applications were denied on January 3, 2014. (Administrative R. 20, ECF No. 9-3.) Plaintiff requested a

1

hearing, which occurred before Administrative Law Judge Martha Bower ("ALJ") in April 2015. The ALJ, after hearing argument from Plaintiff's counsel and testimony from several experts, and after reviewing the documentary evidence, affirmed the denial of Plaintiff's benefits. (Id. at 20-21.) Plaintiff requested that the Appeals Council review the ALJ's decision, but that request was denied. (Id. at 1.)

Plaintiff then filed a Complaint in this Court alleging that his benefits had been denied in error. (ECF No. 1.) Plaintiff filed a Motion to Reverse the Decision of the Commissioner (ECF No. 15) and Defendant filed a Motion for an Order to Affirm the Decision of the Commissioner (ECF No. 19). Magistrate Judge Almond recommended denying Plaintiff's Motion, granting Defendant's Motion, and entering final judgment in favor of Defendant. (ECF No. 22.)

Plaintiff has filed an Objection to the R&R. (ECF No. 23.) Plaintiff argues that the ALJ's determination was flawed in the following three ways: the ALJ (1) failed to properly weigh the medical opinion evidence; (2) failed to properly evaluate Mr. Walsh's credibility; and (3) relied on flawed vocational expert testimony. Additionally, Plaintiff argues that remand is required because the Appeals Council failed to consider new material medical evidence. While these are the same arguments Plaintiff made in his Motion to Reverse the Decision of the

2

Commissioner (ECF No. 15), Plaintiff argues that the R&R did not properly address these four issues. In accordance with 28 U.S.C. § 636(b)(1), the Court considers Plaintiff's Objection to the R&R.

II. Plaintiff's Objection regarding the ALJ's Determination

A claimant with a disability is entitled to certain social security benefits. "Disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i), 423(d)(1); 20 C.F.R. § 404.1505(a). This requires that the claimant's residual functional capacity is such that he is unable to do "past relevant work . . . or any other substantial gainful work that exists in the national economy." 20 C.F.R. § 404.1505(a).

The Social Security Commissioner has the responsibility to determine whether a claimant is disabled. See 42 U.S.C. § 405(b)(1). The Commissioner's findings are conclusive if supported by "substantial evidence." 42 U.S.C. § 405(g). This standard is met "if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." Irlanda Ortiz v. Sec'y of Health and Human Servs., 955 F.2d 765, 769 (1st Cir. 1991) (quoting Rodriguez v.

3

Sec'y of Health and Human Servs., 647 F.2d 218, 222 (1st Cir. 1981)). Therefore, where the Commissioner has come to a reasonable conclusion, the Court must affirm even if the Court might have come to a different conclusion in the first instance. Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 3 (1st Cir. 1987).

In this case, the ALJ found that Plaintiff was not disabled. The ALJ assessed the Plaintiff's residual functional capacity and determined that, while Plaintiff was unable to perform his past relevant work, Plaintiff was able to do other work. (Administrative R. 33, ECF No. 9-3.) Plaintiff argued in his original Motion, and now argues in his Objection, that the ALJ failed to properly weigh the medical opinion evidence, failed to properly evaluate Plaintiff's credibility, and relied upon flawed vocational expert testimony. Magistrate Judge Almond, after discussing the record and the applicable standards of review, rejected all of these arguments and found that the ALJ's determination was based on "substantial evidence." The Court agrees.

As to Plaintiff's first objection, the Court agrees with the R&R that the ALJ's determination was based on "substantial evidence." The ALJ relied on several medical opinions in the

4

record[1] and testimony from medical expert Dr. John Pella. (See, e.g., Administrative R. 27, ECF No. 9-3.) Contrary to Plaintiff's argument, and as is discussed in the R&R, the ALJ was not required to give controlling weight to the findings of Plaintiff's treating medical expert (Dr. Deihl) because Dr. Deihl's findings were not based on "well-supported . . . medically acceptable clinical and laboratory diagnostic techniques" and were also controverted by other "other substantial evidence," 20 C.F.R. § 404.1527(c)(2)), including information provided by Dr. Pella, Dr. Kay, and Dr. Hess.[2] Nor was the ALJ required to give more weight to the opinion of Plaintiff's treating Licensed Clinical Social Worker ("LCSW"). The ALJ found that the LCSW's opinion was not entitled to controlling weight[3] and was contradicted by other evidence,

---

[1] This included medical opinions provided by two mental health examiners, Dr. Kay and Dr. Hess (Exs. 22F, 29F, ECF No. 9-8) and a reviewing doctor, Dr. Landerman (Ex. 2A, ECF No. 9-4).

[2] While Plaintiff argues that remand is necessary because some of Dr. Deihl's notes were illegible, this argument was made for the first time in Plaintiff's Objection and will therefore not be considered. Paterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F.2d 985, 990-91 (1st Cir. 1988) (holding that "an unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate").

[3] As Plaintiff concedes, the LCSW was not an "acceptable medical source" under the Commissioner's Regulations. (Obj. 8, ECF No. 23.)

including the evaluations of Dr. Kay and Dr. Hess. (Administrative R. 30, ECF No. 9-3.)

Plaintiff next argues that the ALJ provided no explanation for his finding that the Plaintiff's statements concerning the "intensity, persistence and limiting effects" of Plaintiff's symptoms are "not entirely credible." (Obj. 10, ECF No. 23 (quoting Administrative R. 27, ECF No. 9-3).) The Court agrees with the R&R that this merits little discussion. (R&R 19 n.5, ECF No. 22.) Plaintiff conveniently neglects to include the end of the ALJ's sentence in which the ALJ makes clear that the Plaintiff's description of his symptoms is "not entirely credible for the reasons explained in this decision." (Administrative R. 27, ECF No. 9-3).) The ALJ then provides several pages of explanation, citing various facts in the record and opinions from medical experts, to come to the conclusion that "the record as a whole demonstrates . . . that [Plaintiff] is not as functionally impaired as alleged." (Id. at 31.) Plaintiff's argument that the ALJ did not explain her determination is simply untrue.

Lastly, Plaintiff challenges the ALJ's reliance on the testimony of a vocational expert. The vocational expert testified that Plaintiff "would be able to perform the requirements of representative occupations" and included a list of examples. (Administrative R. 33, ECF No. 9-3.) Plaintiff

6

argues that the ALJ, in accepting this expert testimony, failed to address an "apparent conflict" between the listed occupations (as defined in the Dictionary of Occupational Titles ("DOT")) and the Plaintiff's identified limitations. Specifically, Plaintiff argues that his inability to conduct "frequent reaching" and his need for a "sit/stand option" are incompatible with the occupations listed by the vocational expert. (Obj. 12, ECF No. 23.)

As was explained in the R&R, Plaintiff's argument lacks merit for two reasons. First, the ALJ need only address conflicts that have been "identified." See, e.g., Senay v. Astrue, No. C.A. 06-548S, 2009 WL 229953, at *11 (D.R.I. Jan. 30, 2009) (quoting Donahue v. Barnhart, 279 F.3d 441, 446 (7th Cir. 2002)). In this case, the ALJ specifically "determined that the vocational expert's testimony is consistent with the information contained in the [DOT]." (Administrative R. 33, ECF No 9-3.) In addition, Plaintiff's attorney questioned the vocational expert and never asked about any potential conflict with the DOT. (See Administrative R. 78-80, ECF No. 9-3.) Since the alleged conflict was not "identified" at the hearing, the Plaintiff cannot raise it now. Senay, 2009 WL 229953, at *11 (quoting Donahue, 279 F.3d at 446 ("The ruling requires an explanation only if the discrepancy was 'identified'—that is, if the claimant (or the ALJ on his behalf) noticed the conflict and

7

asked for substantiation. Raising a discrepancy only after the hearing, as [the claimant's] lawyer did, is too late.")).

Moreover, the Court finds no discrepancy in this case between the vocational expert's testimony and the DOT. With regards to Plaintiff's potential need for a "sit/stand option," the ALJ listed no such limitation for Plaintiff and, regardless, the vocational expert testified that several of the listed occupations offer a "sit/stand option." (Administrative R. 80-81, ECF No. 9-3.) There is also no conflict between Plaintiff's limitations and the identified occupations that require "frequent reaching." While the ALJ did determine that Plaintiff's left, non-dominant, upper extremity had some limitations on movement, Plaintiff's right, dominant, upper extremity was not mentioned as having any such limitations. (Administrative R. 25, ECF No. 9-3.)

III.  Plaintiff's Objection regarding the Appeals Council's Denial of Review

Plaintiff argues that the Appeals Council erred by refusing to remand the case based on new evidence. Plaintiff sought review by the Appeals Council and submitted a one-page letter from Dr. Diehl. (Administrative Record 8, ECF No. 9-3.) The Appeals Council declined to remand the case, basing its decision in part on the fact that Dr. Diehl's letter (dated July 8, 2015) addressed Plaintiff's condition in the period after the ALJ had

8

already made a determination (which occurred on April 24, 2015). (Id. at 2.) Plaintiff argues that, because Dr. Diehl's letter directly addresses some of the concerns raised in the ALJ's report, the Appeals Council's "finding that Dr. Diehl's opinions do not relate to . . . the period at issue . . . is based on a mistake of fact . . . warrant[ing] remand." (Obj. 13, ECF No. 23.)

The Court reviews decisions of the Appeals Council decision "to the extent that it rests on an explicit mistake of law or other egregious error." Mills v. Apfel, 244 F.3d 1, 5 (1st Cir. 2001). The Court agrees with the R&R's finding that there was no "egregious error" in this case. While Dr. Deihl's letter does address the ALJ's decision, the bulk of the new information in the letter is ambiguous regarding timing. Much of the information is written in the present tense[4], thereby suggesting that Dr. Deihl is referring to Plaintiff's condition as of the date of the letter (July 8, 2015) as opposed to Plaintiff's condition during the relevant time period (pre-April 24, 2015). As such, the Appeals Council's reading of Dr. Deihl's letter cannot be described as an "egregious error" warranting remand.

---

[4] For example, Dr. Deihl discusses how Plaintiff "is working hard" and "is at risk of losing control," as well as how Plaintiff's wife "feels" and how "[s]he no longer can help him." (Administrative R. 8, ECF No. 9-3.)

9

IV. Conclusion

For the foregoing reasons, the R&R is ADOPTED, Plaintiff's Motion to Reverse the Decision of the Commissioner (ECF No. 15) is DENIED, and Defendant's Motion for an Order Affirming the Decision of the Commissioner (ECF No. 19) is GRANTED. Judgment will enter for Defendant.

IT IS SO ORDERED.

/s/ William E. Smith

William E. Smith
Chief Judge
Date:  January 9, 2017